UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| MARIA DEL ROSARIO ROSALES-RODRIGUEZ,<br>    Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of the United States Social Security Administration, *et. al*,<br>    Defendants. | § § § § § § § § § § § | Civil Action No. 1:16-cv-00258 |

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before this Court is Nancy A. Berryhill's (Acting Commissioner of the United States Social Security Administration) and the United States of America's (hereafter, collectively known as "Defendants") "Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" (Docket No. 9) and the "Magistrate Judge's Report and Recommendation" (Docket No. 19) (hereafter "R&R"). After a *do novo* review of the record, the "R&R" (Docket No. 19) is hereby **ADOPTED**.

I.   **FACTUAL BACKGROUND**[1]

Maria del Rosario Rosales-Rodriguez (hereafter "Plaintiff") claims she was born in La Feria, Texas, in August 1956. Three months later, Plaintiff was baptized November 5, 1956 in La Feria, Texas. Plaintiff's Mexican birth certificate states that she was born in Matamoros, Tamaulipas, Mexico with the same date of birth listed on her Texas baptismal certificate. Plaintiff's birth was never registered in Texas and the only document alleged to prove her birth in Texas is her baptismal certificate.

On September 29, 2016, Plaintiff went to the Social Security Administration Office in Brownsville, Texas to attempt to apply for her first Social Security card. Plaintiff was not permitted to apply for a Social Security card; instead, the employee (hereafter "Defendant's agent") gave Plaintiff a list of documentation necessary to process her Social Security card

---

[1] The factual statements alleged herein were obtained from the following documents: Docket Nos. 1 and 2.

1

application. At the time, Plaintiff only had available a copy of her baptismal certificate and a letter from the priest of the La Feria, Texas church where she was baptized. Said documents did not comply with the standard documentation necessary to obtain a Social Security card, and the Defendant's agent informed Plaintiff of said fact.

## II. PROCEDURAL HISTORY

Plaintiff filed her "Complaint for Declaratory and Injunctive Relief" (Docket No. 1) October 8, 2016. Defendants filed their "Motion to Dismiss Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure" (Docket No. 9) March 14, 2017. Plaintiff filed her "Opposition to Motion to Dismiss Complaint for Declaratory and Injunctive Relief" (Docket No. 14) October 10, 2017. The Magistrate Judge submitted his R&R (Docket No. 19) December 19, 2017. Plaintiff filed her "Objections to the Report and Recommendation of the U.S. Magistrate Judge" (hereafter "Plaintiff's R&R objections") (Docket No. 23) January 29, 2018.

## III. DISCUSSION

Before discussing the merits of Defendants' motion, the Court declares that the United States of America is not a proper party; an individual may only institute an action "against the head of such department or independent agency" that denies a right or a privilege to an individual claiming to be a national of the United States. 8 U.S.C. § 1503(a). Accordingly, all claims against the United States of America as a defendant are hereby **DISMISSED**.

### Legal Standard

A motion to dismiss "challenges a complaint's legal sufficiency." *Rader v. Cowart*, 543 Fed. Appx. 358, 361 (5th Cir. 2013). In considering a Rule 12(b)(6) motion to dismiss, a court must similarly accept all factual allegations in the complaint as true. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). A claim will survive a Rule 12(b)(6) motion to dismiss when it contains a "short and plain statement of the claim showing that the pleader is entitled to relief" that does not offer "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (citations omitted). A complaint must contain "sufficient factual matter" that when, accepted as true, allows a court to draw a "reasonable inference" that the defendant is liable for the conduct alleged. *Id.* at 678 (citations

omitted). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

### a. § 1503(a) Claim

A person within the United States may challenge an agency's denial of a claimed right or privilege as a national of the United States in federal court.[2] A claim under § 1503(a) must show an action taken by the government, depriving an individual of a "right or privilege...upon the ground [she] is not a national of the United States." *See* § 1503(a); *S.T. ex rel. Trivedi v. Napolitano, et al.*, No. H-12-285, 2012 WL 6048222 (S.D. Tex. Dec. 5, 2015). In her complaint, Plaintiff concedes that Defendant's agent informed her of the documents required to apply for a Social Security card; the complaint does not provide a legal or factual basis that the two documents provided by the Plaintiff comply with the Defendant's list. *See* Document No. 1 at 6. The Court agrees with the "R&R" that Plaintiff's factual allegations fail to establish a plausible claim against Defendants. Thus, Plaintiff's objections relevant to § 1503(a) claims are overruled.

### b. Administrative Procedures Act Claims

The Administrative Procedures Act ("the APA") provides judicial review of a "final agency action for which there is no other adequate remedy in a court [.]" *See* 5 U.S.C. § 704; *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61-62 (2004). Based on the pleaded factual allegations, the Court does not agree that the admonishment by Defendant's agent notifying the Plaintiff of the necessary documentation required to apply for a Social Security card constituted a "final agency action" under the APA. Thus, Plaintiff's objections relevant to the APA are overruled.

## IV. CONCLUSION

For the foregoing reasons, the "Magistrate Judge's Report and Recommendation (Docket No. 19) is **ADOPTED**. The Clerk of the Court is hereby **ORDERED** to close this case.

Signed on this 15th day of March, 2018.

---

[2] Pursuant to 8 U.S.C. § 1503(a):
> "If any person who is within the United States claims a right or privilege as a national of the United States and is denied such right or privilege by any department or independent agency, or official thereof, upon the ground that he is not a national of the United States, such person may institute an action under the provisions of section 2201 of Title 28 against the head of such department or independent agency for a judgment declaring him to be a national of the United States..."

3

_____
Rolando Olvera
United States District Judge